# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 02 C 5325 | DATE | 1/15/2003 |
| CASE TITLE | Team Impressions, Inc. vs. Chromas Technologies Canada, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant ACAS Acquisitions (Chromas), Inc.'s motion to dismiss the case for lack of personal jurisdiction is granted and the case is dismissed without prejudice, as to Defendant ACAS Acquisitions Plaintiff has 45 days, to and including 3/3/03, to file an amended complaint. If Plaintiff wants to conduct limited discovery on the issue of personal jurisdiction, Plaintiff must file a motion with the Court by 1/27/03, and provide the Court with some basis for such discovery regarding ACAS. Defendant ACAS' motion to dismiss for failure to state a claim is denied without prejudice as moot.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 2 number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | JAN 16 2003 date docketed | |
| | Notified counsel by telephone. | | | 17 |
| ✓ | Docketing to mail notices. | | DW docketing deputy initials | |
| ✓ | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | JAN 16 2003 date mailed notice | |
| TH/ courtroom deputy's initials | | 03 JAN 15 PM 3:24 Date/time received in central Clerk's Office | DW mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TEAM IMPRESSIONS, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CHROMAS TECHNOLOGIES CANADA, INC. )<br>and ACAS ACQUISITIONS (CHROMAS), INC., )<br>)<br>Defendants. ) | No. 02 C 5325<br><br>**DOCKETED**<br><br>JAN 1 6 2003 |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

Defendant ACAS Acquisitions (Chromas), Inc. ("ACAS") has moved to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), or to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant ACAS' motion to dismiss for lack of personal jurisdiction is granted and its motion to dismiss for failure to state a claim is denied without prejudice as moot.

## BACKGROUND

Team Impressions, Inc. ("Team") is an Illinois corporation that is engaged in the business of printing and producing labels and stickers for various applications. Defendant ACAS Acquisitions (Chromas), Inc. ("ACAS") is a Delaware corporation with offices in St. Bruno, Quebec, Canada, Bethesda, Maryland, and Fort Lauderdale, Florida. Plaintiff alleges on information and belief that defendant Chromas Technologies Canada, Inc. ("Chromas") was sold to ACAS in 2000.



1

Plaintiff alleges that ACAS, through Chromas, is in the business of manufacturing, selling, installing and servicing printing presses.

Team has sued ACAS and Chromas for breach of contract, unjust enrichment, consumer fraud and breach of express and implied warranties. Team alleges that it entered a contract with Chromas (formerly known as Aquaflex Systems, Inc.) to purchase certain press system equipment which never performed as represented. Team essentially seeks to recover against ACAS for the actions of its subsidiary, Chromas.

## ANALYSIS

ACAS argues that the Court does not have personal jurisdiction over it. Plaintiff counters that the Court has jurisdiction over ACAS because it has offices in Chicago, Illinois and because ACAS has control over its subsidiary Chromas which has the requisite minimum contacts with this forum.

### I. Personal Jurisdiction Legal Standard

When a defendant files a motion to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction over the defendants. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In assessing such a motion, the allegations in the Complaint are to be taken as true unless controverted by the defendants' affidavits. Moreover, any conflicts in the affidavits are to be resolved in the Plaintiff's favor. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

This Court cannot exercise jurisdiction over a defendant if it is improper under either the United States or Illinois Constitution. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F.Supp.2d 821 (N.D. Ill. 1999). Because "there is no operative difference between the limits

Plaintiff alleges that ACAS, through Chromas, is in the business of manufacturing, selling, installing and servicing printing presses.

Team has sued ACAS and Chromas for breach of contract, unjust enrichment, consumer fraud and breach of express and implied warranties. Team alleges that it entered a contract with Chromas (formerly known as Aquaflex Systems, Inc.) to purchase certain press system equipment which never performed as represented. Team essentially seeks to recover against ACAS for the actions of its subsidiary, Chromas.

## ANALYSIS

ACAS argues that the Court does not have personal jurisdiction over it. Plaintiff counters that the Court has jurisdiction over ACAS because it has offices in Chicago, Illinois and because ACAS has control over its subsidiary Chromas which has the requisite minimum contacts with this forum.

### I. Personal Jurisdiction Legal Standard

When a defendant files a motion to dismiss a case for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of personal jurisdiction over the defendants. *RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1276 (7th Cir. 1997). In assessing such a motion, the allegations in the Complaint are to be taken as true unless controverted by the defendants' affidavits. Moreover, any conflicts in the affidavits are to be resolved in the Plaintiff's favor. *Turnock v. Cope*, 816 F.2d 332, 333 (7th Cir. 1987).

This Court cannot exercise jurisdiction over a defendant if it is improper under either the United States or Illinois Constitution. *Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc.*, 42 F.Supp.2d 821 (N.D. Ill. 1999). Because "there is no operative difference between the limits

imposed by the Illinois Constitution and the federal limitations on personal jurisdiction," *Hyatt Intern. Corp. v. Coco*, 302 F.3d 707, 715 (7th Cir. 2002) (citation omitted), this Court will address a single due process inquiry. *See Janmark, Inc. v. Reidy*, 132 F.3d 1200, 1202 (7th Cir. 1997).

The U.S. Constitution's limitation on the exercise of personal jurisdiction over non-resident defendants is through the Due Process Clause of the Fourteenth Amendment. *RAR*, 107 F.3d at 1277. In order for a court to exercise personal jurisdiction over a non-resident defendant, due process requires that the defendant have "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'" *Id.* (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). A court can acquire personal jurisdiction over a defendant through either general or specific jurisdiction.

## II. Continuous and Systematic Contacts

A defendant is subject to general jurisdiction in Illinois only when it is either domiciled in Illinois, *see Euromarket Designs, Inc. v. Crate & Barrel Ltd.*, 96 F.Supp.2d 824, 833 (N.D. Ill. 2000), or "where the defendant has continuous and systematic general business contacts with the forum." *RAR, Inc.*, 107 F.3d at 1277 (citation and internal quotations omitted). Plaintiff contends that the Court has personal jurisdiction over ACAS because ACAS has offices in Chicago, Illinois. According to Plaintiff, the Court therefore has general jurisdiction because the Illinois offices amount to "continuous and systematic general business contacts with the forum." (R. 15-1, Plaintiff's Mem. at 2). Plaintiff's complaint, however, fails to allege that ACAS has offices in Chicago or that it had continuous and systematic contacts with Chicago. Instead, Plaintiff supports its argument with a print out purportedly from ACAS' website that is attached to Plaintiff's response. (R. 15-1, Ex.1). The website document is not supported by an affidavit. Assuming the Court would

consider such extraneous documentation in support of Plaintiff's position, the information comes from the website hosted by American Capital Strategies. As ACAS points out, American Capital Strategies is an entity entirely distinct from ACAS. Plaintiff has not alleged that American Capital Strategies is the same entity or even that it has any relationship to ACAS. Given that the website document is Plaintiff's sole support for the proposition that ACAS has offices in Chicago and that Plaintiff has not even made such an allegation in its complaint, Plaintiff's argument clearly fails. Accordingly, Plaintiff has not established that ACAS had "continuous and systematic general business contacts with the forum."

### III. Parent Corporation's Relationship with Subsidiary

Plaintiff also argues that ACAS' contacts with Defendant Chromas, its subsidiary, are sufficient to impute Chromas' Illinois activities to ACAS thereby providing this Court with personal jurisdiction over ACAS. ACAS counters that its status as Defendant Chromas' parent corporation is not sufficient to permit this Court to exercise personal jurisdiction over it because ACAS itself does not have the requisite minimum contact with Illinois.

The Seventh Circuit has firmly held that "personal jurisdiction cannot be premised on corporate affiliation or stock ownership alone where corporate formalities are substantially observed and the parent does not exercise an unusually high degree of control over the subsidiary." *Central States, Southeast & Southwest Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 943 (7th Cir. 2000). In determining whether ACAS exercises "an unusually high degree of control" over Chromas, the Court assumes some degree of control in the normal parent/subsidiary relationship. "Parents of wholly owned subsidiaries necessarily control, direct, and supervise the subsidiaries to some extent, but unless there is a basis for piercing the corporate veil and thus

attributing the subsidiaries' torts to the parent, the parent is not liable for those torts." *IDS Life Ins. Co. v. SunAmerica Life Ins. Co.*, 136 F.3d 537, 540 (7th Cir. 1998) (citations and quotations omitted).[1]

Nowhere in Plaintiff's complaint does it allege that ACAS had an unusually high degree of control over its subsidiary Chromas. Further, Plaintiff never alleges that ACAS controlled, directed or supervised its subsidiary that allegedly performed the acts at issue in this case. Instead, Plaintiff again relies on the website document referenced above as well as two additional exhibits attached to its response memorandum. (R.15-1, Exs. 2 & 3). For the same reasons that the website document fails to provide support for Plaintiff's position, the additional exhibits also fail. These additional exhibits, which again are not supported by any affidavit and are not clearly identified, appear to be press releases from American Capital Strategies. This information from another entity is not helpful and does not support Plaintiff's position. It obviously does not establish ACAS' "unusually high degree of control" over Chromas. In fact, it does not establish anything relevant to this case. Accordingly, Plaintiff's argument fails. Plaintiff has not met its burden of demonstrating the existence of personal jurisdiction over ACAS.

---

[1] Rather than address the clearly articulated standard in these Seventh Circuit opinions, Plaintiff relies on a district court case, *Liberty Mutual Fire Insurance Co. v. Reimer Express Enterprises., Ltd.*, 82 F.Supp.2d 887 (N.D. Ill. 2000). *Liberty Mutual*, however, is not instructive in this case in light of the Seventh Circuit's holdings.

5

## **CONCLUSION**

Plaintiff has not established that this Court has personal jurisdiction over Defendant ACAS. Accordingly, ACAS' motion to dismiss for lack of personal jurisdiction is granted.

DATED: January 15, 2003       ENTERED:

_____
AMY J. ST. EVE
United States District Judge