# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 5325 | **DATE** | 2/18/2003 |
| **CASE TITLE** | Team Impressions vs. Chromas Tech | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendant's motion to dismiss is granted in part and denied in part. It is granted with respect to counts one, two and four. The Court dismisses counts one and four with prejudice. The Court dismisses count two without prejudice. The Court denies Defendant's motion to dismiss with respect to count three. Count five stands as Defendant did not move to dismiss it. Plaintiff has until 3/20/03 to file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TEAM IMPRESSIONS, INC. )
)
          Plaintiff, )
)
v. ) No. 02 C 5325
)
CHROMAS TECHNOLOGIES CANADA, INC. )
and ACAS ACQUISITIONS (CHROMAS), INC., )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, Judge:

Defendant Chromas Technologies Canada, Inc. ("Chromas") has moved to dismiss Counts One through Four of this case pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the reasons set forth below, Defendant's motion is granted in part and denied in part.

## BACKGROUND

Team Impressions, Inc. ("Team"), an Illinois corporation that is engaged in the business of printing and producing labels and stickers for various applications, has brought a five count complaint against Chromas.[1] The focus of the Complaint is a press system that Team purchased from Defendant's predecessor in interest and Team's allegations that the press system failed to perform as promised.

---

[1] Team also sued Chromas' parent corporation, ACAS Acquisitions (Chromas), Inc., but the Court previously granted ACAS' motion to dismiss for lack of personal jurisdiction. (R. 17-1, Jan. 15, 2003 Order.)

1

Team entered a contract with Chromas' predecessor, Aquaflex Systems, Inc., to purchase certain press system equipment. In 1998, Aquaflex was a division of Didde Web Press Corporation ("Didde"), and in March 1999, Aquafex changed its name to Chromas Technologies, Inc. (hereinafter, Aquaflex is referred to as Chromas). Chromas has its principal place of business in St. Bruno, Quebec, Canada.

Team alleges that Chromas initially presented the equipment at a sales promotional event in September 1998 where Aquaflex's representatives made certain oral representations about the Aquaflex LX 1858 flexographic label printing and die cutting press system. (R. 1-1, Compl. ¶¶11, 12, 14.) Team alleges that it relied on these oral representations in ultimately purchasing a printing press system from Chromas. (*Id.* ¶18).

In addition, prior to the time Team and Chromas executed a contract, Chromas also gave Team some written materials regarding the printing press system. Chromas provided Team with printed information regarding the "print coat" and "UVSIL" printing systems by FlexoCoat International Inc. (*Id.*, Ex. 1.) It also gave them a cost-benefit analysis "as a part of its representations of product performance." (*Id.*, Ex.2.)

The parties signed a "Machine Order and Contract" (the "Contract") for order number 2548R, dated September 22, 1998. (*Id.*, Ex. 4.) The Contract was for the purchase of a Aquaflex LX 1850, 8 Color Press and Options. Team signed the Contract on October 8, 1998. The total purchase price was $970,474 under the Contract. On December 15, 1998, the parties executed an addendum to the Contract reflecting a new purchase price of $1,012,324. (*Id.* ¶21, Ex. 6.) On February 24, 1999, the parties executed a second addendum to the Contract with a new purchase price of $1,000,699 for the press system. (*Id.* ¶22, Ex.7.) Chromas delivered the press system to Team on June 28, 1999, over

2

two months later than promised. (*Id.* ¶23.) The press system was finally installed and assembled in October 1999. According to Team, the press system "has never operated as promised or intended" since its installation. (*Id.* ¶26.)

Team alleges that it has made repeated efforts to resolve the problems with the press system and has notified Chromas of the problems. (*Id.* ¶27.) In response, "Chromas has also taken steps to make the press system operable as promised." (*Id.* ¶29.) None of these steps, however, have been successful. (*Id.* ¶32.)

Team has not paid the remaining ten percent purchase price of the press system given that it has not performed as promised. (*Id.* ¶30.) Team alleges that "Chromas has now demanded that Team pay the remaining 10% balance and has refused to take any further steps to bring their press system into properly functioning order." (*Id.* ¶30.) Team alleges that it has "suffered damages in the form of lost manpower, lost profits, wasted materials, and machine shut-down" as a result of the press systems' failure to perform as promised. (*Id.* ¶28.)

## ANALYSIS

Team filed a five count complaint against Chromas. Count One alleges breach of contract. Count Two alleges unjust enrichment. Count Three is based on a violation of the Illinois Consumer Fraud Act, 815 ILCS §505/2. Count Four alleges breach of express warranty and Count Five alleges breach of implied warranty. Defendant seeks to dismiss Count One through Four for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) arguing, in essence, that the contract it signed with Team precludes these claims.

I.   **Legal Standard**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency

3

of a complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.*, 892 F.2d 583, 586 (7th Cir. 1989); *Majchrowski v. Norwest Mortgage, Inc.*, 6 F.Supp.2d 946, 952 (N.D. Ill. 1998). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court considers "whether relief is possible under [any] set of facts that could be established consistent with [the] allegations." *Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir. 1992).

The Court views all the facts alleged in the complaint, as well as any reasonable inferences drawn from those facts, in the light most favorable to Plaintiff. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). Dismissal is appropriate only where it appears beyond doubt that under no set of facts would Plaintiff's allegations entitle him to relief. *Henderson v. Sheahan*, 196 F.3d 839, 846 (7th Cir. 1999); *Kennedy v. National Juvenile Det. Ass'n*, 187 F.3d 690, 695 (7th Cir. 1999). The Complaint, however, must allege that each element of a cause of action exists in order to withstand a motion to dismiss. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Furthermore, Plaintiff "cannot satisfy federal pleading requirements merely by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Collins v. Snyder*, No. 02 C 4493, 2002 WL 31749173, at *1 (N.D. Ill. Dec. 2, 2002) (citations and quotations omitted).

## II.    Choice of Law

The contract at issue contains a provision that states, "[t]his order and contract shall be construed and interpreted in accordance with the law of the State of Kansas." (R. 1-1, Compl., Ex.4 ¶11.) A federal court sitting in diversity looks to the forum state – here Illinois – to determine how its conflict of law principles treat choice of law clauses in contracts. *DeValk Lincoln Mercury, Inc. v. Ford Motor Co.*, 811 F.2d 326, 330 (7th Cir. 1987). Illinois courts honor a contractual choice of law clause unless the applicable law is "dangerous, inconvenient, immoral, or contrary to public

4

policy." *Id.* The parties have not argued that any applicable Kansas law would fall under an exception. Accordingly, the Court will apply Kansas law.

## III. Count One – Breach of Contract

In Count One, Plaintiff alleges that Chromas breached the Contract. Chromas argues that this count should be dismissed because Plaintiff bases its claim on representations allegedly made outside of the written contract. Team does not argue that the oral representations or written documents upon which they rely were incorporated by reference into the Contract. Moreover, a plain reading of the Contract does not contain any reference to these items. Therefore, Plaintiff's breach of contract claim cannot survive unless there is reason to look outside of the Contract.

Chromas maintains that an integration clause within the contract precludes Plaintiff's reliance on the extra-contractual representations. The Contract states:

> This order and contract expressly limits acceptance to the terms and conditions stated herein and any additional terms proposed by Buyer are objected to and rejected unless expressly assented to in writing by Seller.

\* \* \*

> This order and contract constitutes the entire and exclusive agreement between the parties hereto and with respect to the equipment ordered hereby and no supplement to, modification of, or waiver of the terms and conditions hereof shall be valid unless made in writing and executed by Buyer and an authorized representative of Seller at its home office.

(R. 1-1, Compl., Ex. 4 ¶¶2, 10.)

Under Kansas law, the parol evidence rule provides that "[w]hen a contract is complete, unambiguous and free of uncertainty, parol evidence of a prior or contemporaneous agreement or understanding, tending to vary or substitute a new and different contract for the one evidenced by

5

the writing is inadmissible." *Temmen v. Kent-Brown Chevrolet Co.*, 535 P.2d 873, 878 (Kan. 1975) (citations and quotations omitted). In other words, "a party may not rely on evidence of prior or contemporaneous verbal statements to contradict the terms of a written agreement." *Ramada Franchise Sys., Inc. v. Tresprop, Ltd.*, 188 F.R.D. 610, 613 (D. Kan. 1999).

Team correctly notes that Kansas recognizes an exception to the parol evidence rule where the contract was procured or induced by fraudulent representations which were relied upon by the other party.[2] *See id.* This exception, however, will only apply if the evidence tends "to establish some independent fact or representation, some fraud in the procurement of the instrument, or some breach of confidence concerning its use, and not a promise directly at variance with the promise of the writing." *Id.*; *see also Flight Concepts Ltd. Partnership v. Boeing Co.*, 38 F.3d 1152, 1157 (10th Cir. 1994) (where written contract directly contradicts oral representations, oral representations cannot be fraudulent). Therefore, if prior or contemporaneous statements directly conflict with a provision in the Contract, those statements will not be admissible.

Plaintiff's breach of contract claim cannot stand because the prior statements are directly in conflict with the Contract's integration clause. It goes without saying that in order to sustain a breach of contract claim, Plaintiff must show that Defendant breached a contractual provision. Instead of pointing to any language in the agreement to show Defendant's breach, Plaintiff seeks to bring in representations outside of the Contract and have them made part of the agreement. This is not permitted, however, because the integration clause provides that the written contract "constitutes the entire and exclusive agreement." The extra-contractual statements are undoubtedly directly in

---

[2] Chromas argues that Illinois law does not recognize a fraud exception to the parol evidence rule, but, as discussed above, Kansas law applies when construing the contract.

conflict with the integration clause, and therefore, Plaintiff cannot maintain a breach of contract claim.

Where courts applying Kansas law have admitted evidence under the fraudulent misrepresentation exception to the parol evidence rule, they have done so where the plaintiff's claim is for fraudulent inducement rather than breach of contract. *See, e.g., Ramada Franchise Sys*, 188 F.R.D. at 614 (applying fraud exception to fraudulent inducement count); *Miles Excavating, Inc. v. Rutledge Backhoe & Septic Tank Servs., Inc.*, 927 P.2d 517 (Kan. Ct. App. 1996) (reversing dismissal of breach of contract and fraudulent inducement claims only to the latter cause of action). Plaintiff has not alleged fraudulent inducement here and instead relies upon a breach of contract claim that is clearly barred by the Contract's integration clause. Team cannot rely on parol evidence to assert a breach of contract claim. Accordingly, the Court dismisses Count One with prejudice.

## IV.  Count Two – Unjust Enrichment

A claim for unjust enrichment is based upon an implied, rather than a specific, contract. Where a specific contract governs the relationship of the parties, "the doctrine of unjust enrichment has no application." *People ex rel. Hartigan v. E&E Hauling, Inc.*, 607 N.E.2d 165, 177 (Ill. 1992) (citations and quotations omitted). Chromas argues that the Court should dismiss Count Two because an unjust enrichment clam cannot coexist with one for breach of contract. Team argues that Count Two is pled in the alternative to the breach of contract count, thus it is not relying on a contractual theory in its unjust enrichment claim.

Plaintiff's argument is not persuasive. The Complaint does not comport with Plaintiff's alternative pleading theory argument because Team specifically alleges in Count Two that Chromas failed "to provide the contracted for press system to Team." (R. 1-1, Compl. ¶35.) While Plaintiff

7

is entitled under Federal Rule of Civil Procedure 8(e)(2) to plead the alternative claims of breach of contract and unjust enrichment despite the inconsistency between those claims, Plaintiff's unjust enrichment claim must not include allegations of a specific contract governing the parties relationship. *See Vanguard Fin. Serv. Corp. v. R W Prof'l Leasing Servs. Corp.*, No. 98 C 1741, 1998 WL 774984, at *4 (N.D. Ill. Oct 27, 1998).

Plaintiff's reliance on *Peddinghaus v. Peddinghaus*, 692 N.E.2d 1221 (Ill. App. Ct. 1998), is misplaced. The court in *Peddinghaus* allowed the beneficiary to maintain an unjust enrichment claim because he sued to rescind the contract based fraudulent inducement. The plaintiff was therefore seeking a finding that the contract in *Peddinghous* was not valid due to its fraudulent procurement. Here, Plaintiff has alleged that the unjust enrichment is due to Defendant's failure to fulfill contractual terms. As such, Plaintiff's unjust enrichment claim must be dismissed without prejudice.

## V.  Count Three – Consumer Fraud

In order to state a claim under the Illinois Consumer Fraud Act, 815 ILCS §505/2,[3] a plaintiff

---

[3] Section 505 states:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act" . . . in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

815 ILCS § 505/2 (2002).

must allege: (1) a deceptive act or practice by Chromas; (2) Chromas' intent to induce Team's reliance; (3) that the deception occurred in a course of conduct involving trade or commerce; and (4) that the deceptive act proximately caused Team's injury. *Cozzi Iron & Metal, Inc. v. U.S. Office Equip., Inc.*, 250 F.3d 570, 576 (7th Cir. 2001).

Defendant argues that Team cannot state a claim as a matter of law because it cannot prove reasonable reliance in light of the signed Contract. This argument fails because, as the Seventh Circuit has plainly stated, "a complaining party is not required to establish reliance, either actual or reasonable, to state a claim under the Illinois Consumer Fraud Act." *Cozzi Iron & Metal*, 250 F.3d at 576-77 (district court erred "when it disposed of Cozzi's consumer fraud claim on the basis that [claimant] could not establish that its reliance was reasonable" even though claim based on oral representations made before plaintiff entered into contract that contained different terms). Chromas' reliance on *Ryan v. Wersi Elecs. GmbH & Co.*, 3 F.3d 174 (7th Cir. 1993), is misplaced. The Seventh Circuit in *Ryan* relied upon the essential elements of **common law** fraud in Illinois, rather than the elements under the Illinois Consumer Fraud Act. *Id.* at 182 (emphasis added). Accordingly, Chromas' motion to dismiss Count Three is denied.

## VI. Count Four – Breach of Express Warranty

In Count Four, Team alleges that Chromas created an express warranty by "representing that the press system sold to Team would produce pressure sensitive paper, print, and die-cut on an in-line basis, both through the statements of its agents, Fait, Laughlin, and Presseault, and through the written descriptions of the press systems' performance provided to Team, prior to the sale." (R. 1-1, Compl. ¶34.) Team does not allege that Chromas breached the written warranty in the Contract. Instead, Plaintiff alleges that Chromas breached the oral "warranty" because the press system sold

9

to Team has allegedly never operated as Chromas represented prior to the Contract's execution. The arguments here are essential the same as with the breach of contract claim. And the same result follows.

The Contract contains specific provisions with respect to warranties. It expressly states each of Chromas' warranties and then adds: "THIS WARRANTY IS IN LIEU OF ALL OTHER WARRANTIES, EXPRESS OR IMPLIED, INCLUDING ANY IMPLIED WARRANTY OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE." (R. 1-1, Compl., Ex. 4 ¶6.)

Kansas' parol evidence rule will not allow the introduction of statements or representations outside of the Contract that directly contradict the agreement itself. *Ramada Franchise Sys.*, 188 F.R.D. at 613. Because the Contract explicitly limits the warranties to those in the Contract itself, evidence of extra-contractual warranties would be directly in conflict with the agreement. Therefore, as with the breach of contract claim, Team cannot introduce parol evidence to support its breach of warranty claim. Accordingly, evidence of the alleged oral warranties made prior to the time Team entered the Contract is inadmissible, *See Ray Martin Painting, Inc. v. Ameron, Inc.*, 638 F.Supp. 768 (D. Kan. 1986), and Count Four fails to state a claim for breach of these alleged oral warranties.

## CONCLUSION

Defendant's motion to dismiss is granted in part and denied in part. The Court dismisses Counts One and Four with prejudice based on the express language of the Contract and the parol evidence rule. The Court dismisses Count Two without prejudice because it is a claim for unjust enrichment that is based upon a specific contract. The Court denies Defendant's motion to dismiss with respect to Count Three because the Illinois Consumer Fraud Act does not require a showing that the reliance by a plaintiff is reasonable.

DATED: February 18, 2003          ENTERED:

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　AMY J. ST. EVE
　　　　　　　　　　　　　　　　　　　　United States District Judge